# IN THE COURT OF APPEALS OF IOWA

No. 17-1863
Filed January 24, 2018

**IN THE INTEREST OF S.R.,**
**Minor Child,**

**D.R., Father,**
    Appellant,

**M.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother and a father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Alexandra M. Nelissen of Taylor Law Office, Des Moines, for appellant father.

Yvonne C. Naanep, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellee State.

Kimberly S. Ayotte of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their child. Both contend there is insufficient evidence demonstrating the statutory grounds for termination. In addition, each alleges that termination is contrary to the child's best interests and argues termination should be avoided under one of the statutory exceptions. Our review is de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The child became involved with the Iowa Department of Human Services (DHS) following a December 2016 birth. The DHS was already involved with the child's half-sister, who was abused when the mother left her with inappropriate caregivers. The child's father is incarcerated and a registered sex offender. Due to these circumstances, the juvenile court ordered the child's removal from the home when the child was two days old. The child has remained in out-of-home placements since the initial removal.

In January 2017, the juvenile court entered an order adjudicating the child to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) (defining a CINA as a child who is imminently likely to suffer harmful effects as a result of the failure of the child's parent to exercise a reasonable degree of care in supervising the child) and (n) (defining a CINA as a child whose parent's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care) (2017). The State filed a petition to terminate parental rights in September 2017. Following an October 2017 termination hearing, the juvenile court entered an order terminating both the mother's and the father's parental rights.

The juvenile court terminated both the mother's and the father's parental rights under Iowa Code section 232.116(1)(h).[1] The court may terminate parental rights under this section where clear and convincing evidence establishes the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). There is no dispute considering the proof establishing the first three elements of section 232.116(1)(h). Instead, both the mother and the father argue there is insufficient evidence to show the child cannot be returned to their custody at the present time.

Although both parents selectively cite the record to allege there were no concerns about their ability to parent the child, neither asserts that they were able to resume care of the child at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (stating that "at the present time" means "at the time of the termination hearing"). The father was clearly unable to care for the child at the time of the termination hearing as he remained incarcerated. There

---

[1] The court also terminated the mother's parental rights under section 232.116(1)(g), but we may affirm the termination order where clear and convincing evidence supports one of the grounds alleged. Because the evidence supports terminating the mother's parental rights under section 232.116(1)(h), we need not consider termination under section 232.116(1)(g) as a separate ground to support the juvenile court's order. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

were a plethora of concerns about the mother's abilities to provide for the child's care, but she denied any deficiencies and refused to participate in the services the DHS provided to assist her. In addition, the mother chose to marry the father after the CINA adjudication, in spite of his multiple convictions for sexual offenses against minors, stating, "I know he didn't do it." The mother's choice demonstrates her inability to protect the child from harm.

Both parents also allege the State failed to prove termination is in the child's best interests. The father argues that termination prohibits the child from establishing "important and vital connections with appropriate biological relatives" and deprives the child "of unique important cultural opportunities." The mother claims termination is not in the child's best interests due to the closeness of her bond to the child.

In considering a child's best interests, we note that the need for a permanent home is of primary importance. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and "need for a permanent home"). Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987).

The child was removed from the parents' care at birth. The child has no relationship with the father, and the mother's visits with the child remained supervised at the time of the termination hearing. Although preserving the parent-

child relationship may benefit the parents, whatever minimal benefit it would provide the child is far outweighed by the risk of harm it poses. *See id.* at 613 ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Weighing the risks the parents pose to the child against the child's need for a permanent, safe home, we agree that there is ample evidence showing termination is in the child's best interests.

For the same reasons, we decline to apply any of the exceptions provided in section 232.116(3) to avoid termination. *See In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993) (noting the exceptions provided in section 232.116(3) are permissive, not mandatory), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39-40 (Iowa 2010); *see also In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011) ("The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in [section 232.116(3)] to save the parent-child relationship.").

**AFFIRMED ON BOTH APPEALS.**